**REVISED JUNE 5, 2020**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals<br>Fifth Circuit<br><b>FILED</b><br>June 3, 2020<br><br>Lyle W. Cayce<br>Clerk

No. 19-51101
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTE DURAN-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-183-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Valente Duran-Garcia appeals his guilty-plea conviction for being found illegally in the United States. He argues that the district court erred by denying his motion to dismiss his indictment for lack of subject matter jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51101

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Duran-Garcia argues that the notice to appear (NTA) that initiated his prior removal proceedings was defective because it did not specify a date and time for the removal hearing.  According to Duran-Garcia, the removal order upon which his indictment is based is invalid because the NTA failed to specify a hearing date and time, thereby depriving the immigration court of jurisdiction.

The Government has filed a motion for summary affirmance, arguing that Duran-Garcia's challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779).  Summary affirmance is proper if the position of one party is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government is correct, and Duran-Garcia concedes, that his arguments are foreclosed.  *See Pedroza-Rocha*, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93.  The NTA was not defective for failing to state a hearing date and time, and the order of removal forming the basis of Duran-Garcia's indictment was not invalid for lack of jurisdiction.  *See Pedroza-Rocha*, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.